## FORD v. TEAGLE ET AL.

WILL.—*Establishing Will, which has been Lost or Destroyed.—Evidence.*— Where, in an action to establish a will alleged to have been destroyed by others than the testator, proof of its destruction or loss is obviated by agreement of the parties, and, from the evidence of the witnesses to the alleged will, it may be reasonably inferred that the will attested by them was the same as one which the scrivener has testified he prepared at the request of the testator, evidence by such scrivener of its contents is competent.

From the Randolph Circuit Court.

*C. C. Binkley* and *E. L. Watson*, for appellant.

*M. Way, J. J. Cheney* and *W. A. Thompson*, for appellees.

WORDEN, J.—This was a complaint by the appellant against the appellee, to establish the will of Thomas Teagle, deceased, which was alleged to have been destroyed since its execution by others than the testator.

Demurrer to the complaint for want of sufficient facts overruled, and exception.

Issue ; trial by the court, resulting in a finding and judgment for the defendants.   New trial denied.

On the trial it was proved by Andrew Meredith, that in August, 1864, he wrote a will for the decedent at his request, but it does not appear to have been signed by the deceased in the presence of Meredith or attested by witnesses. The will was written at the house of Meredith, in Wayne township; Wayne county, Indiana, and the deceased took the will away and started to William Conner's with it.  The witness saw the deceased about an hour afterward, just as he had come out of the house of Conner, with Mr. Conner and John Meredith.   The witness never saw the will after the deceased took it away from his house.

It was proved by William Conner, that he lived about a mile from Andrew Meredith's; that in August, 1864, the deceased called at his house and desired him to attest his will.   The evidence is a little uncertain as to whether Teagle signed the will at Conner's or had signed it before. Conner said that "Thomas Teagle's name was to it."  Conner and John Meredith signed the will as witnesses, at the request of Teagle.   John Meredith testified to the attestation of the will by himself and Conner, and his impression was that the will was signed by Teagle at Conner's house.

At the proper time the plaintiff offered to prove by Andrew Meredith the contents of the will thus written by him for the deceased; but on objection being made the evidence was rejected, apparently on the ground that the witness could not state of his own knowledge that the will which he had prepared was the same will which had been thus attested at Conner's, the witness not having seen the will which he had prepared, since the deceased took it away.   It may be observed that the objection to the evidence was not made on the ground that the contents of the will could not be proved without first having shown its destruction or loss and proper search.   An agreement of

MAY TERM, 1878.  63

the parties, shown by the bill of exceptions, obviated the necessity of first making such preliminary proof.

We think the evidence offered was competent and should have been received. Though the witness may not have known that the will which he wrote was the same as the one which was thus attested, it might, from the evidence given, have been reasonably inferred that it was. There was certainly evidence tending to show that it was; and, if it was the same will, it was important to establish its contents.

The appellees have assigned a cross error upon the overruling of the demurrer to the complaint, but they have filed no brief pointing out the supposed error, and we see none.

The judgment below is reversed, with costs, and the cause remanded for a new trial.